UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Burnsville Sanitary Landfill, Inc.,

Plaintiff,

v.

Civ. No. 02-273 (JEL/JGL)
ORDER

Edward Kraemer & Sons, Inc.,

Defendant.

---

Jack Y. Perry, Esq., Briggs and Morgan, P.A., appeared for Plaintiff Burnsville Sanitary Landfill, Inc.

Joseph T. Dixon, Jr., Esq., and Stuart T. Williams, Esq., Henson & Efron, P.A., appeared for Defendant Edward Kraemer & Sons, Inc.

---

This action arises out of the sale of a landfill by Defendant Edward Kraemer & Sons, Inc. (Kraemer) to Plaintiff Burnsville Sanitary Landfill, Inc. (Burnsville). Burnsville claims that Kraemer unlawfully buried waste in the landfill before the sale, and that Kraemer is liable for the damages incurred by Burnsville in cleaning up that waste. The matter is before the Court on Kraemer's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim. For the reasons set forth below, the Court denies Kraemer's motion.

## I. SUBJECT MATTER JURISDICTION

Burnsville is a Minnesota corporation whose principal place of business is in Burnsville, Minnesota. Kraemer is a Wisconsin corporation whose principal place of business is in Plain, Wisconsin. Burnsville alleges damages in excess of $75,000. The Court therefore has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) (2000).

FILED OCT 31 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

## II. BACKGROUND

The following facts are taken from Burnsville's Second Amended Complaint (Complaint) and are assumed to be true for purposes of this motion. In 1997, Burnsville purchased a 147.6-acre landfill located in Dakota County, Minnesota, from Kraemer. The landfill consisted of two areas. The active landfill area, for which Kraemer first acquired permits in 1971, encompassed 99 acres. The expansion area, for which Kraemer obtained permits in the early to mid 1990s, included the remaining 48.6 acres. From approximately 1974 to 1986, Kraemer buried approximately 60,000 tons of waste in the expansion area.

Negotiations between Burnsville and Kraemer for the sale of the landfill commenced in 1996. During Burnsville's due diligence inquiry, Kraemer personnel stated that the expansion area's potential capacity was approximately 6 million cubic yards, a volume that implied that no waste had been buried in the expansion area. Kraemer personnel did not disclose that waste had been buried in the expansion area. On July 31, 1997, Burnsville purchased the landfill from Kraemer for $23.5 million. In the purchase and sale agreement (Agreement), Kraemer represented that it had complied with all federal, state, and local environmental laws, that it had paid all federal, state, and local taxes and fees that were and may be due with respect to its operations on the landfill, and that it had disclosed to Burnsville all facts relating to any adverse environmental condition that existed when the sale closed.

In 2001, Burnsville discovered the waste that Kraemer had unlawfully buried in the expansion area. The Minnesota Pollution Control Agency required Burnsville to excavate and to properly dispose of the waste. Burnsville is liable for taxes and fees that may be levied on the disposal of the waste. On September 7, 2001, Burnsville informed Kraemer of its claims arising from the clean-up and disposal of the waste. Kraemer denied that it was liable to Burnsville under

the terms of the Agreement. Burnsville ultimately filed this action.

Burnsville's Complaint asserts six causes of action against Kraemer: Count I seeks a declaratory judgment; Count II is for breach of contract; Count III asserts breach of common law warranty; Count IV alleges fraud; Count V alleges fraudulent concealment; and Count VI seeks reformation of the Agreement because of mistake. Before the Court is Kraemer's motion to dismiss Counts I, II, and III for failure to state a claim. Kraemer also seeks the dismissal of Count V insofar as that count seeks to toll the period of limitation applicable to the claims stated in Counts I, II, and III.

## III. DISCUSSION

In ruling on a motion to dismiss a complaint for failure to state a claim, a court must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Midwestern Mach., Inc. v. Northwest Airlines, Inc.*, 167 F.3d 439, 441 (8th Cir. 1999); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993). A court will not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). The Court will first address Kraemer's motion to dismiss Counts I, II, and III for failure to state a claim.

### A. Kraemer's Motion to Dismiss Counts I, II, and III for Failure to State a Claim

Kraemer advances three arguments in support of its motion to dismiss Counts I, II, and III. Kraemer first argues that these counts should be dismissed because Burnsville failed to bring the claims within three years of the closing date. Kraemer relies on the three-year limitations period set forth in Section 12.1 of the Agreement:

> All of the representations, warranties and covenants of any party hereto

> contained in this Agreement and the liabilities and obligations of the parties with respect thereto shall survive the Closing hereunder for three years after the Closing Date; provided, however, that the covenants, agreements, representations and warranties in Sections . . . 11.1 [and] 11.2 . . . shall survive until the expiration of the applicable statute of limitations period.

Kraemer argues that Burnsville's claims are based on warranties that are not excluded from Section 12.1's three-year period of limitations. Burnsville maintains, however, that its claims are based on Section 11.1 and 11.2 of the Agreement and that they therefore "survive until the expiration of the applicable statute of limitations period." The statute of limitations applicable to breach of contract actions appears in Minn. Stat. § 541.05, subd. 1(1) (2000), which provides a six-year period of limitation. In short, the parties dispute whether the period of limitation applicable to Burnsville's claims is three years or six years. It would be inappropriate for the Court to resolve this dispute in the context of a motion to dismiss for failure to state a claim. Because it is possible that the six-year period of limitation applies, and because there is no dispute that Burnsville brought this action with six years of the closing, the Court rejects Kraemer's argument on this point.

Kraemer's second argument is that Counts I, II, III should be dismissed because Burnsville failed to give notice of its claims within three years of the closing date. Kraemer relies on Section 12.4 of the Agreement, which provides in relevant part:

> The indemnification obligation of [Kraemer] set forth in this Article 12 in respect to [Kraemer's] warranties and obligations pertaining to Hazardous Materials, Environmental Conditions, Environmental Laws, the Permits or Regulations shall apply only to claims . . . in respect to which [Burnsville] has given written notice to [Kraemer] . . . prior to expiration of the three year period described in Section 12.1 . . . .

Assuming without deciding that the notice provision in Section 12.4 applies to Burnsville's claims, a point as to which the parties disagree, the Court finds Kraemer's reliance on the notice provision misplaced. Section 12.5 provides that "no delay on the part of the Indemnified Party [Burnsville]

in notifying any Indemnifying Party [Kraemer] shall relieve the Indemnifying Party [Kraemer] from any obligation hereunder unless (and then solely to the extent) the Indemnifying Party [Kraemer] is thereby prejudiced." The Complaint does not reveal whether Kraemer suffered prejudice as a result of Burnsville's failure to give notice within three years of the closing date. The Court therefore rejects Kraemer's argument that it is entitled to dismissal of Counts I, II, and III based on Burnsville's failure to give notice of its claims to Kraemer within three years of the closing date.

Kraemer's final argument in support of its motion to dismiss Counts I, II, III is that Burnsville's Complaint fails to allege that Kraemer officers, directors, or employees had actual knowledge at the time of the sale about the disposal of waste in the expansion area. This argument is based on Section 12.4 of the Agreement, which provides:

> Notwithstanding anything to the contrary which is contained in this Agreement, [Kraemer] shall have liability to [Burnsville] . . . in respect to the representations and warranties set forth in this Agreement regarding Hazardous Materials, Environmental Conditions, Environmental Laws, the Permits or Regulations only if [Kraemer] has failed to disclose to [Burnsville] matters . . . which are within the best knowledge of [Kraemer] (as defined [in] Article 6, above) . . . .

Article 6 states in relevant part: "Wherever a representation or warranty herein is qualified as having been made 'to the best of [Kraemer's] knowledge', such phrase shall mean the actual knowledge of the current officers, directors and employees of [Kraemer] involved in the operation of the Assets, based on their personal recollection without inquiry." The Court's review of Burnsville's Complaint reveals that it does allege that Kraemer personnel made statements that concealed the existence of the unlawfully buried waste in the expansion area knowing that they were false or in reckless disregard of their truth or falsity. The Court therefore rejects Kraemer's contention that Burnsville failed to satisfy the Agreement's actual knowledge provision.

**B. Kraemer's Motion to Dismiss Count V in Part for Failure to State a Claim**

Count V of the Complaint seeks damages for the tort of fraudulent concealment. It also alleges that the notice or limitations periods applicable to Burnsville's claims were tolled until 2001, when Burnsville discovered that Kraemer had unlawfully buried waste in the expansion area. Kraemer moves the Court to dismiss Count V insofar as it seeks to toll the limitations period applicable to Counts I, II, and III.

A cause of action for breach of contract accrues and the statute of limitations begins to run upon the breach. *Bachertz v. Hayes-Lucas Lumber Co.*, 275 N.W. 694, 697 (Minn. 1937). Fraudulent concealment of the cause of action tolls the statute of limitations:

> [W]hen a party against whom a cause of action exists in favor of another, by fraudulent concealment prevents such other from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the cause of action is discovered or might have been discovered by the exercise of due diligence.

*Schmucking v. Mayo*, 235 N.W. 633, 633 (Minn. 1931). In the absence of fraudulent concealment, ignorance of the cause of action does not toll the statute of limitations. *Herrmann v. McMenomy & Severson*, 590 N.W.2d 641, 643 (Minn. 1999). "'[T]he concealment must be fraudulent or intentional and, in the absence of a fiduciary or confidential relationship, there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action.'" *Wild v. Rarig*, 234 N.W.2d 775, 795 (Minn. 1975) (quoting 51 Am. Jur. 2d *Limitation of Actions* § 148). Fraudulent concealment requires proof of "an affirmative act or statement which concealed a potential cause of action, that the statement was known to be false or was made in reckless disregard of its truth or falsity, and that the concealment could not have been discovered by reasonable diligence." *Haberle v. Buchwald*, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992).

Kraemer argues that, to toll the statute of limitations on a breach of contract claim on the

ground that the defendant has fraudulently concealed the cause of action, a plaintiff must allege some act of concealment *after* the parties executed the contract. In this case, Kraemer asserts that Burnsville's breach of contract claim accrued upon the closing of the Agreement and that Burnsville has failed to allege any act of concealment after that date.

The Court does not find Kraemer's distinction between pre-sale and post-sale conduct persuasive. In *Kopperud v. Agers*, 312 N.W.2d 443 (Minn. 1981), the Minnesota Supreme Court stated that fraudulent concealment tolls the statute of limitations without regard to when a cause of action accrues:

> We are also mindful that regardless of when a cause of action accrues, we have followed the rule that fraudulent concealment of that cause of action will prevent the running of the statute of limitations. That rule is necessary to achieve the result in nonfraud cases that the "discovery rule" achieves in fraud cases. The theoretical difference is that when the suit is for fraud, the statute does not begin to run until discovery, but when the suit is for another claim, the statute begins to run from the wrong but is tolled by defendant's fraudulent conduct.

*Id.* at 446-47 (citation omitted). The Court finds further support for its rejection of Kraemer's argument in *Appletree Square I Limited Partnership v. Investmark, Inc.*, 494 N.W.2d 889 (Minn. Ct. App. 1993). In that case, the buyer of a building contaminated with asbestos sued the seller for fraud and breach of contract. *Id.* at 891. The district court concluded that the contract claims were untimely and granted the seller's motion for summary judgment. *Id.* The district court rejected the buyer's argument that fraudulent concealment tolled the statute of limitations. *Id.* On appeal, the Minnesota Court of Appeals reversed, stating that "fraudulent concealment tolls the statute of limitations so [the buyer] may have additional claims for breach of contract." *Id.* at 892. The fraudulent concealment consisted of the seller's failure to "furnish information vitally affecting [the buyer's] choice to buy a commercial building," that is, the failure to furnish information *prior to* the closing of the sale. *Id.* at 894.

In this case, the Complaint alleges that Kraemer personnel stated that all of the expansion area was available and that the potential capacity of the expansion area exceeded 6 million cubic yards. Kraemer personnel allegedly made these statements knowing that they were false or in reckless disregard of their truth or falsity. Kraemer personnel allegedly did not disclose the presence of buried waste in the expansion area. Finally, Burnsville alleged that it could not have discovered the unlawfully buried waste without massive excavation of the expansion area or by properly placed borings, neither of which was appropriate given Kraemer's representations about the expansion area. Burnsville's allegations are sufficient to support its argument that the period of limitations applicable to Counts I, II, and III were tolled by Kraemer's fraudulent concealment. The Court therefore denies Kraemer's motion to dismiss this portion of Count V.

## IV. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Edward Kraemer & Sons' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim [Docket No. 14] is DENIED.

Dated: October 31, 2002

JOAN ERICKSEN LANCASTER
United States District Judge