**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**BURNSVILLE SANITARY LANDFILL, INC.**,

Plaintiff,

v.

**EDWARD KRAEMER & SONS, INC.**,

Defendant.

---

Civil No. 02-273 (JEL/JGL)

**O R D E R**

APPEARANCES

Jack Perry, Esq., on behalf of Plaintiff

Stuart Williams, Esq., and Jed Hammell, Esq., on behalf of Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on January 9, 2003 on Defendant's Motion to Compel Responses to Discovery Requests (Doc. No. 36). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

This motion arises out of a breach of contract case. Burnsville Sanitary Landfill ("Burnsville") seeks damages for fraud and fraudulent concealment from Kraemer & Sons ("Kraemer") in connection with Burnsville's purchase of a landfill site from Kraemer. Specifically, Burnsville seeks

JAN 1 0 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

damages for the costs associated with unearthing and moving approximately 60,000 tons of waste which was originally located in the expansion areas of the landfill. In the instant motion, Kraemer seeks responsive and detailed answers to three of its interrogatories.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). When served with interrogatories, the party must answer and "furnish such information as is available to the party." Fed. R. Civ. P. 33(a).

When the answer to an interrogatory may be found in documents already in the possession of the propounding party, the answering party may specify the records from which the propounding party may derive the answer, provided that in doing so the burden of deriving the answer is substantially the same for both parties. See Fed. R. Civ. P. 33(d). When answering an interrogatory under this rule, the answering party must provide sufficient detail so as to allow the propounding party to "locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Id.

**A. Kraemer's Interrogatory No. 2**

Kraemer's Interrogatory No. 2 asks Burnsville to

> [i]dentify all representations, warranties or statements ("Statements") made by or on behalf of Kraemer prior to the sale of the Burnsville Sanitary Landfill on July 31,1997 which you claim were false, fraudulent or misleading or are otherwise the basis for Counts IV and V of the Second Amended Complaint including the person who made the Statement, the date and Place the Statement was made, and the person to whom the statement was made.

(Kraemer Mem. Supp. Mot. Compel at 5.)

In response to this interrogatory, Burnsville stated that "Kraemer's various misrepresentations are set forth in the pleadings in this matter." Burnsville then went on to cite various pleadings and motion papers previously filed with the Court. (Id. at 6.)

Kraemer argues that this answer is not responsive because it does not state where specific statements can be found in the documents. Moreover, Kraemer's examination of the documents has been unsatisfactory insofar as the documents themselves contain many unsupported and unclear statements.

At the motion hearing, Burnsville represented that in a supplemental answer it would recite for Kraemer the portions of the documents to which it refers. The Court finds that this clarification will significantly improve Burnsville's answer. To that end, Burnsville is reminded that the

interrogatory seeks detailed information. Burnsville must cite the specific statements contained in the documents upon which it bases its fraud claims.

**B. Kraemer's Interrogatory No. 10**

Kraemer's Interrogatory No. 10 asks Burnsville to:

> [i]dentify all documents on which you rely to establish that each person identified in response to Interrogatory No. 9 above had knowledge, information or reason to know of the Waste buried or otherwise disposed of as alleged in the Second Amended Complaint.

(Kraemer Mem. Supp. Mot. Compel at 6.)

In response to this interrogatory, Burnsville relied on Federal Rule of Civil Procedure 33(d) and sated that it would make responsive documents available for inspection. Burnsville also stated that Burnsville needed further discovery from Kraemer before it could fully answer this interrogatory. (Id.)

Kraemer argues that this answer is deficient because it does not identify the documents upon which Burnsville bases its claims. Kraemer asserts that such identification is especially important in this case because most of the documents from the relevant time period are Kraemer's own documents. Since Kraemer's position is that it did not have knowledge, information or reason to know of the buried waste at issue in this case, Kraemer needs to know what records Burnsville contends support this claim.

The Court agrees with Kraemer that Burnsville must supply a detailed answer to this interrogatory, citing to specific documents. As the

Court stated at the motion hearing, this may require Burnsville to restate any information found in affidavits, pleadings or other documents. This is necessary because the complaint in this case is not verified.

Burnsville also represents that it has not yet found all the documents upon which it will ultimately rely to answer this interrogatory. As documents are found, and as they become available as a result of Kraemer's own discovery production, Burnsville must supplement its answer to this interrogatory accordingly.

**C. <u>Kraemer's Interrogatory No. 11</u>**

Kraemer's Interrogatory No. 11 asks Burnsville to:

> [s]tate all facts supporting your allegation that you may be "liable for significant taxes, surcharges and host fees which may be imposed by the State of Minnesota, Dakota County and the City of Burnsville" as referenced in paragraph 44 of the Second Amended Complaint.

(Kraemer Mem. Supp. Mot. Compel at 6.) At the motion hearing, Burnsville stated that it knows of no taxes which will be imposed as a result of Kraemer's alleged fraud. In response to this admission, the Court stated that if that is all the information Burnsville currently has available, it should so state in its answer. Burnsville is encouraged to also articulate its specific concerns regarding the possibility of future taxes and the bases therefor.

Kraemer argues that Burnsville's demonstrated lack of support for this claim proves that this is not yet a justiciable issue ripe for resolution, and

that the claim should be dismissed. That issue is not currently before the Court. As the Court stated at the motion hearing, if Kraemer finds that Burnsville's answer proves there is no justiciable issue, Kraemer can use that as evidence to support any dispositive motion it chooses bring before the trial judge. At this point in time, Burnsville must amend its interrogatory answer stating what evidence it has regarding tax liability. If there is no evidence of tax liability, Burnsville must so state.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendant's Motion to Compel Responses to Discovery Requests (Doc. No. 36) is **GRANTED**; and

(2) Plaintiff must supplement its interrogatory answers by February 10, 2003.

Dated: January 10, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge