**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**BURNSVILLE SANITARY LANDFILL, INC.; and WASTE MANAGEMENT, INC.,**

Plaintiffs,

v.

**EDWARD KRAEMER & SONS, INC.,**

Defendant.

Civil No. 02-273 (JNE/JGL)

**ORDER**

APPEARANCES

Matthew A. Slaven, Esq., on behalf of Waste Management, Inc.

Stuart Williams, Esq., and Jed Hammell, Esq., on behalf of Edward Kraemer & Sons, Inc.

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on April 11, 2003 on Defendant's Motion to Compel Compliance With Court Order Dated January 10, 2003, and to Compel Production of Documents (Doc. No. 47). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED 4-14-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## I. INTRODUCTION

This motion arises out of a breach of contract case. Burnsville Sanitary Landfill ("Burnsville") seeks damages for fraud and fraudulent concealment from Kraemer & Sons ("Kraemer") in connection with Burnsville's purchase of a landfill site from Kraemer. Specifically, Burnsville seeks damages for the costs associated with unearthing and moving approximately 60,000 tons of waste which was originally located in the expansion areas of the landfill. Since the Parties were last before the Court, Waste Management, Inc. has been added as a Plaintiff to this action. For consistency, the Court will refer to Plaintiffs in the plural throughout this Order. In the instant motion, Kraemer seeks more detailed responses to discovery requests.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).

### A. Whether Plaintiffs Have Failed to Comply With the Court's January 10, 2003 Order

Defendant's Interrogatory No. 2 asks Plaintiffs to "[i]dentify all representations, warranties or statements . . . made by or on behalf of Kraemer . . . which you claim were false, fraudulent or misleading or are otherwise the

basis for Counts IV and V of the Second Amended Complaint." On January 10, 2003, the Court ordered Plaintiffs to supplement their answer to this interrogatory by indicating "the specific statements contained in the documents upon which [Plaintiffs base their] fraud claims." (Jan. 10, 2003 Order at 4.)

Defendant argues that Plaintiffs have failed to comply with this Order because part of Plaintiffs' supplemental answer states that "many of the documents Kraemer provided for Burnsville's review were also misleading in that they failed to disclose the existence of the unlawfully buried waste to various government regulators, including by way of example, the permit application materials and Barr Engineering design plans for the Expansion Area and Kraemer's post closure financial posture." (Williams Aff. Ex. A at 6) (emphasis added). Defendant avers that to comply with the Court's Order, Plaintiffs must identify the "many" documents to which their answer refers. At the motion hearing, Plaintiffs argued that every document in which Defendant should have disclosed the buried waste contains a fraudulent omission.

The Court has examined Plaintiffs' amended answer to Interrogatory No. 2, and finds that Plaintiffs have complied with the Court's Order. The amended response contains detailed information regarding allegedly fraudulent statements. The Court agrees with Plaintiffs that listing categories of documents which contain omissions is a sufficient response regarding its claims based on fraudulent omission. If the statements do not

exist, Plaintiffs obviously cannot identify them. This part of Defendant's motion is denied.

**B. <u>Plaintiffs' Delayed Production</u>**

Defendant takes issue with Plaintiffs' production in the following categories:

(1) tax information;

(2) the files of fifteen officials involved in the purchase of the landfill;

(3) documents from Waste Management's Executive Committee regarding purchase of the landfill;

(4)

(5) Waste Management's document retention policies;

(6) documents regarding claims of fraud and fraudulent concealment in other landfill transactions; and

(7) records regarding air space and landfill capacity calculations.

Plaintiffs do not object to producing this information. In fact, Plaintiffs assert that they are diligently attempting to gather the information; have conducted thorough searches for responsive documents and have found none; or that they have produced, and will continue to produce, responsive documents. Defendant is not satisfied with Plaintiffs' representations, and argues that it has been prejudiced by Plaintiffs' "delay game." (Def. representation at Apr.11, 2003 motion hearing).

The discovery deadline in this case is August 1, 2003. The discovery at issue was served in October and November 2002. However, Waste

Management, who now appears to be acting as Lead Plaintiff, was not made a party to this action until February 2003. Therefore, discovery responses are not as outrageously late as Defendant represents. Absent any evidence to the contrary, the Court must believe that Plaintiffs are diligently attempting to comply with their discovery obligations. See Onwuka v. Federal Express Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997) (citations omitted); Marvin Lumber v. PPG Indus., Inc., 168 F.R.D. 641, 643 n.1 (D. Minn. 1996). Notwithstanding the above, the Court is sensitive to Defendant's frustration, and the problems continued delays can create. Thus, the Court finds that some definite deadline must be set for production of the outstanding discovery. Plaintiffs must provide the requested documents by May 23, 2003. This part of Defendant's motion is granted.

**C. Aerial Photographs**

Defendant's Document Request No. 1 seeks "[a]ll documents and records of any kind or nature, which you rely to [sic] prove the allegations of the Second Amended Complaint." Defendant argues that certain aerial photographs must be produced in response to this request. Plaintiffs included several aerial photographs with their Complaint. In addition, Plaintiffs stated in their amended interrogatory responses that "Burnsville has obtained several aerial photos from MarkHurd Associates, Historical Information Gatherers, Inc. and MN/DOT that reveal waste filling activity in the Expansion Area."

(Williams Aff. Ex. A at 7.) These photographs were not contained in the Complaint. Rather, they were obtained by Plaintiffs' expert for use in preparing his expert report in this case. (Pl. Mem. Opp. Mot. Compel at 12.) Expert reports are not due until July 1, 2003. Plaintiffs have provided Defendant with the dates and sources of the photographs, so that Defendant can obtain the information on its own prior to the expert deadline. (Slaven Aff. Ex. 4.) Apparently, Defendant agreed to this compromise during the Parties' Rule 37.1 conference. (Williams Aff. Ex. F. at 2; Slaven Aff. Ex. 4.)

The Court finds that Plaintiffs need not produce the photographs prior to the expert report deadline. Agreeing to limit a discovery request and then subsequently seeking the production originally requested runs contrary to the spirit of our Rules which encourage cooperation among parties. Moreover, Defendant is not prejudiced by denying this production. Defendant has a list of the photographs' sources and is free to obtain the photographs prior to July 1, 2003. Thus, this part of Defendant's motion is denied

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendant's Motion to Compel Compliance With Court Order Dated January 10, 2003, and to Compel Production of Documents (Doc. No.

47) is **GRANTED IN PART** and **DENIED IN PART**, as set for fully in the body of this Order; and

(2) Plaintiffs must provide supplemental discovery responses by May 23, 2003.

Dated: April 14, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge