UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THIRD DIVISION

Burnsville Sanitary Landfill, Inc.,

Plaintiff,

v.

Edward Kraemer & Sons, Inc.,

Defendant.

Court File No. 02-273 (JEL/JGL) JNE

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, during the discovery conducted herein it may become necessary for the parties (as defined below) to inquire as to confidential business, financial and other matters not otherwise available to the public generally; and

WHEREAS, the parties mutually desire to protect and maintain the confidentiality of all such matters,

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that:

1. The following definitions shall apply to this Stipulated Protective Order:

A. As used herein, and for the limited purpose of this Stipulated Protective Order, the terms "Party" or "Parties" shall include plaintiff Burnsville Sanitary Landfill, Inc.; Defendant Edward Kraemer & Sons, Inc.; and Waste Management, Inc., who shall appear as a named plaintiff upon leave of court to amend Plaintiff's Second Amended Complaint for Declaratory and Other Relief.

B. As used herein, the term "confidential material" shall mean all information, documents, materials and tangible items designated by any producing party to be "Confidential," including, specifically, but not exclusively, written discovery,

FILED JUL 11 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

deposition transcripts and documents, data or other information furnished during the course of this action which is designated by a party to be confidential. Each party shall designate any material it deems to be "Confidential" in the following manner:

(1) By stamping all documents with the designation "Confidential;"

(2) If at any point during a deposition a party so designates, the entire deposition transcript shall be deemed confidential and accorded the treatment described in this Stipulation and Order for a period of fifteen (15) days after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be confidential shall be treated as confidential. The party designating all or a portion of a deposition transcript as confidential shall provide written notice to all parties by listing the page and inclusive line numbers of the material to be kept confidential, and shall designate such pages to be "Confidential." In any deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the Court unless placed in a sealed envelope bearing the designation hereinafter provided for in Paragraph 3 of this Stipulated Protective Order.

C. As used herein, the phrase "prosecution and/or defense of this action" shall mean preparation for trial of this action, including specifically, but not exclusively, pre-trial discovery pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure, trial of this action, any alternative dispute resolution in this action, including but not

limited to mediation, and preparation for, participation in, and prosecution and defense of, any appeal, rehearing, review or other judicial proceeding which relates to the subject matter of this action.

2. Unless and until agreed by the undersigned parties, or ordered by the Court, all confidential materials that are designated to be "Confidential," and any summaries, compilations or other work product which contains or reflects such confidential materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this action. Confidential materials designated as "Confidential" shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties in this action, including partners and employees of such counsel; (b) qualified persons recording testimony involving documents or information described in paragraph 1.B. (*i.e.*, court reporters) and necessary stenographic or clerical assistants thereof; (c) the parties themselves, including any officers, directors, employees or agents of the named parties; (d) experts, consultants, potential witnesses and/or any other person retained in connection with the prosecution and/or defense of this action or to whom counsel for any party believes in good faith that it is necessary that confidential materials be shown for the purpose of prosecution and/or defense of this action; and (e) the Court; provided, however, that: (1) Each such entity or person referred to in Subsections (b) through (d) of this Paragraph must execute an agreement to be bound by this Stipulated Protective Order prior to the disclosure of any confidential materials to such entity or person. For a business, the agreement must be signed by a person authorized to bind the business organization who shall advise any other personnel of such organization to whom "Confidential" information is disclosed of the obligations imposed by the Stipulated Protective Order; (2) such agreement to be bound by this Stipulated Protective Order shall be in a form identical to that which is attached hereto as

**Exhibit A**; and (3) a copy of each such executed agreement to be bound by this Stipulated Protective Order shall be kept by the counsel of record who disclosed any confidential material to any such entity or person and shall be filed with the Court at the time of trial, or upon the execution of a settlement agreement and dismissal of this action.

3. No confidential materials, or confidential materials which are reproduced, referred to or otherwise contained in transcripts of depositions, exhibits, written discovery or other documents, may be filed with the Court or the Clerk of Court unless placed prior to such filing in a sealed envelope marked: **"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES."** The party filing any such confidential materials or documents shall instruct the Clerk of Court in writing of the confidential nature of the material and that it should not be displayed or revealed except by order of the Court or by agreement of the parties.

4. Promptly upon completion of the litigation, each party shall return or destroy all documents designated by the other party as "Confidential" and all copies thereof and shall destroy all documents and things containing information based on "Confidential" information except that counsel for each party may retain one copy of each document and thing designated by the other party as "Confidential" and one copy of each document and thing containing information based on "Confidential" information for record purposes only. Each party shall certify in writing that it has returned or destroyed all documents designated as "Confidential" in accord with this paragraph. Termination of the prosecution and/or defense of this action shall not, however, relieve any person to whom confidential material was disclosed, including counsel

for the parties, from the obligation of maintaining the confidentiality of all confidential material received pursuant to this Stipulated Protective Order.

5. Any party may object to the designation by any other party of any material as "Confidential" by notifying the party that designated the material as "Confidential" in writing and stating the basis for its objection. The parties shall, within seven (7) days after service of the objection, meet and confer in an attempt to resolve the dispute. If the designating party refuses to meet within the required seven (7) days, or if the parties are unable, after meeting and conferring, to resolve the matters, the dispute may be submitted to the Court for resolution.

6. A party may in good faith request that no one be present for a portion of a deposition in which that counsel reasonably anticipates that "Confidential" information will be disclosed or discussed except the deponent, trial counsel, officers of the court and other persons otherwise permitted access to such "Confidential" information under this Stipulated Protective Order who have agreed in writing, or under oath in a deposition or at trial, to be bound by this Stipulated Protective Order. Counsel shall make appropriate arrangements to insure that only such persons are present during such portions of the depositions. Failure to make such a good faith request shall not be deemed a waiver by any party to designate any portion of the deposition transcript or exhibits as "Confidential."

7. If any party desires at trial or at a hearing to offer into evidence "Confidential" information or to use "Confidential" information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such "Confidential" information, which may include the offering of such "Confidential" information outside the presence of persons other than Court personnel and trial counsel.

8. Inadvertent disclosure:

A. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as "Confidential" under this Stipulated Protective Order. To the extent such information may have been disclosed to persons other than authorized person described in this Stipulated Protective Order, the receiving party shall make every reasonable effort to retrieve the information promptly from such person and to avoid any further disclosure to nonauthorized person.

B. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

9. Notwithstanding any other provision of this Stipulated Protective Order, any person indicated on the face of a "Confidential" document as having been its originator, author, or a recipient thereof, may be shown the same.

10. Nothing in this Stipulated Protective Order shall apply to or restrict the use of information designated "Confidential" if the information is or becomes publicly known or available or is or becomes known or available to the non-designating party by other lawful means.

11. Nothing in this Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Stipulated Protective Order with respect to particular material designated hereunder.

12. The parties agree that the terms of this Stipulated Protective Order shall be afforded full force and affect in the pending action entitled, *Burnsville Sanitary Landfill, Inc. v. Edward Kraemer & Sons, Inc.*, United States District Court, District of Minnesota, Civil No. 02-273 (JEL/JGL) (the "Litigation") and that each party will comply with the terms set forth herein in connection with the prosecution and/or defense of the Litigation.

13. Each of the firms and parties named below, by executing a copy of this Stipulated Protective Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

14. This Stipulated Protective Order may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same document.

Dated: February __, 2003

**BRIGGS AND MORGAN, P.A.**

By ______________________
Jack Y. Perry (#209272)
Matthew A. Slaven (#288226)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEYS FOR PLAINTIFF BURNSVILLE SANITARY LANDFILL, INC.**

**ATTORNEYS FOR WASTE MANAGEMENT, INC.**

Dated: February 5, 2003

**HENSON & EFRON, P.A.**

By Stuart T. Williams

Joseph T. Dixon, Jr. (#23139)
Stuart T. Williams (#11750X)
220 South Sixth Street
Suite 1800
Minneapolis, Minnesota 55402-4503
(612) 339-2500

**ATTORNEYS FOR DEFENDANT EDWARD KRAEMER & SONS, INC.**

**ORDER**

Based upon the foregoing Stipulation:

IT IS HEREBY ORDERED that the above Stipulated Protective Order shall be, and hereby is, adopted as the Order of this Court, and the parties are directed to fully comply therewith.

IT IS FURTHER ORDERED that the Clerk of Court is directed to maintain the confidentiality of any documents filed with the Court in accordance with the Stipulated Protective Order.

Dated: July 11, 2003

BY THE COURT:

Hon. Judge Jonathan Lebedoff
Chief U.S. Magistrate Judge

**EXHIBIT A**

This is to certify that the undersigned has read and is fully familiar with the provisions of the Stipulated Protective Order dated _______________, 2003 in the action entitled *Burnsville Sanitary Landfill, Inc. v. Edward Kraemer & Sons, Inc.*, United States District Court, District of Minnesota, Civil No. 02-273 (JEL/JGL).

As a condition precedent to my examination of any "Confidential" information in connection with this case, I hereby agree that this Stipulated Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with the provisions of this Stipulated Protective Order.

Dated: ______________________

______________________________________
Name (Signature)

______________________________________
Name (Printed)

1486133v2

# UNITED STATES DISTRICT COURT

## District of Minnesota

700 Federal Building
716 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55082

# CLERK'S NOTICE IN RE: PROTECTIVE ORDER

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. **Failure to do so may result in documents NOT getting filed under seal.**

## Guidelines for Submission of Sealed Documents:

A. File ORIGINALS with the Clerk. Copies are for the Judge or Magistrate Judge.

B. Each ORIGINAL document is to be **sealed** (closed, fastened, taped, or otherwise secured) in a separate envelope of comparable size no larger than 9 x 12.
*LR 5.1: All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. This rule does not apply to: (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.*

C. EACH original document MUST be in a separate envelope, and the front of EACH envelope must include the following information:
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal). Note: Motions, affidavits and memoranda are each considered a separate document.
- The word "**SEALED**" or "**CONFIDENTIAL**"

D. Copies MUST be together as a separate set in an envelope **addressed to the Judge or Magistrate Judge.**