**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**BURNSVILLE SANITARY LANDFILL, INC. and WASTE MANAGEMENT, INC.,**

Plaintiff,

v.

**EDWARD KRAEMER & SONS, INC.,**

Defendant.

Civil No. 02-273 (JNE/JGL)

**ORDER**

APPEARANCES

Jack Perry, Esq. on behalf of Plaintiff

Stuart Williams, Esq. on behalf of Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on September 17, 2003 on Plaintiff's Motion to Amend Scheduling Order (Doc. No. 72). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

This motion arises out of the breach of warranty claim by Burnsville Sanitary Landfill ("Burnsville") against Kraemer & Sons ("Kraemer") in connection with Burnsville's purchase of a landfill site from Kraemer. To

SEP 1 8 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

prove breach of warranty, Burnsville will have to show that (1) Kraemer had actual knowledge of waste in the area which is the subject matter of this dispute, and (2) Kraemer did not disclose the existence of the waste to Burnsville. On November 4, 2002, in response to Requests for Admission, Kraemer admitted that during the 1992-96 permitting process, it did not inform permitting authorities or Burnsville of the existence of waste in the site. Likewise, it admitted that because it did not know of waste in the area, it did not inform permitting authorities or Burnsville of the existence of the waste. Based on these admissions, Burnsville understood that Kraemer's primary defense was its lack of knowledge about the waste.

Discovery in this case closed on August 1, 2003. On the day before the close of discovery, Kraemer amended these two responses and admitted that it did inform authorities and Burnsville during the permitting process of the existence of waste in the site. Kraemer further admitted that some of its current or former employees knew at the time of the purchase that there was waste in the site. These amendments reflect an apparently new defense that Burnsville's claims are barred by Kraemer's disclosure of the waste to the permitting authorities.

Kraemer made the amendments to its responses despite the clear dictate of Federal Rule of Civil Procedure 36 that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Comments

to the rule emphasize "the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Id. advisory committee's note (1970 amendment). Kraemer did not move the Court for permission to amend its admissions. Based on the new admissions and Kraemer's failure to act in accordance with Rule 36(b), Burnsville now asks the Court to amend the scheduling order and permit it to conduct limited discovery on the subject matter of Burnsville's amended admissions.

In response to Burnsville's motion, Kraemer argues that Burnsville failed to comply with the meet and confer requirement of Federal Rule of Civil Procedure 37(a)(2)(B). However, this Rule applies only to motions to compel, not to motions to amend the scheduling order. The Local Rules for this District specifically except motions to amend the pretrial schedule from the meet and confer requirement. D. Minn. LR 37.1 Although it is this Court's view that the better practice would be to meet and confer before any pretrial motion, Burnsville was not required to provide a certification that it attempted to meet and confer with Kraemer before bringing this motion.

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. Fed. R. Civ. P. 16(b); D. Minn. LR. 16.3(a). Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. Fed. R. Civ. P. 16(b) advisory committee's note (1983 amendment); Bradford v. Dana Corp., 249 F.3d 897, 809 (8th Cir. 2001);

Archer Daniels Midland v. Aon Risk Servs., Inc., 187 F.R.D. 578, 583 (D. Minn. 1999). Rule 16(b) focuses on the showing of good cause and diligence by the movant, not whether the non-movant will be prejudiced. Luigino's Inc. v. Pezrow Co., Inc., 178 F.R.D. 523, 525 (D. Minn. 1998).

Here, the Court finds that good cause exists to modify the scheduling order and permit the requested discovery. Given that Kraemer did not amend its admissions until the day before discovery closed, Burnsville cannot be said to have acted without diligence in attempting to comply with the discovery deadline. Moreover, Burnsville moved to amend the scheduling order within the time period set for non-dispositive motions. Good cause for additional discovery exists based on Kraemer's amended admissions, which were served one day before discovery ended, made without motion, and changed Kraemer's theory of its defense.

Discovery in this case is extended thirty days during which time Burnsville may take depositions and propound no more than ten interrogatories related to the subject matter of the amended admissions. Based on Burnsville's representation at the hearing that it could conduct this discovery in thirty days, no modification of the trial ready date is necessary.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Scheduling Order (Doc. No. 72) is **GRANTED**. Discovery in this case is extended thirty days during

which time Burnsville may take depositions and propound no more than ten interrogatories related to the subject matter of the amended admissions.

Dated: September 18, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge