**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Burnsville Sanitary Landfill, Inc. and Waste Management, Inc.

Plaintiffs,

v.

Edward Kraemer & Sons, Inc.

Defendant.

Case No. 02-273 (JNE/JGL)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## INTRODUCTION

Defendant Edward Kraemer & Sons, Inc. ("Kraemer") moves the Court for an order, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the June 28, 2004 Judgment to award Kraemer the relief requested in its counterclaim.[1] In the alternative, Kraemer moves for summary judgment on its counterclaim.

By order dated June 28, 2004, the Court granted summary judgment in Kraemer's favor on all claims asserted by Plaintiffs Burnsville Sanitary Landfill, Inc. and Waste Management, Inc. (hereinafter collectively "Plaintiffs"). The Court's ruling also had the effect of determining the merits of Kraemer's counterclaim. Kraemer thus seeks the following relief: (1) the July 2003 purchase payment that Plaintiffs have admittedly refused to make; (2) interest on the purchase payment at 12% per annum, pursuant to Section 16.18(a) of the parties' purchase agreement; and (3) Kraemer's costs and attorneys' fees incurred herein, pursuant to Section 16.18(b) of the parties' purchase agreement.

[1] The June 28, 2004 Final Judgment was vacated by the Court's order dated July 12, 2004, and Kraemer asks the Court to enter an amended judgment granting Kraemer the relief discussed in this memorandum.

**FACTUAL AND PROCEDURAL BACKGROUND**

In January 2002, Plaintiffs, purchasers of a landfill, commenced this action against Kraemer, the seller of the landfill. Between January 2002 and February 2003, Plaintiffs amended their complaint three times. The Third Amended Complaint asserted the following claims:

Count I: Declaratory Relief - declaring that Kraemer must indemnify Plaintiffs, that the three-year warranty period does not apply, and that Kraemer is responsible to Plaintiffs for breaching certain covenants;

Count II: Breach of Contract;

Count III: Breach of Common Law Warranty;

Count IV: Fraud;

Count V: Fraudulent Concealment; and

Count VI: Mistake.

In September 2003, Kraemer moved for summary judgment on all of Plaintiffs' claims. Kraemer also requested an award of attorneys' fees and expenses pursuant to Section 16.18(b) of the parties' Purchase and Sale of Assets Agreement ("Purchase Agreement").[2] See Def.'s Edward Kraemer & Sons, Inc.'s Mem. in Supp. of Mot. for Summ. J. at 32-33.

In October 2003, Kraemer moved to amend its Answer to add a breach of contract counterclaim based on Plaintiffs' failure to make the last purchase payment for the landfill,

[2]Section 16.18(b) of the Purchase Agreement provides as follows:

> In addition, any litigation brought by a party over the terms of this Agreement, including, without limitation, failure to make required payments, the prevailing party shall be entitled to receive, as part of its damages, all of its costs and expenses of such litigation, including, without limitation, attorneys' fees and expenses, investigation costs and court costs.

Lisle Aff. Ex. 1 (Purchase Agreement § 16.18(b)).

which was due on July 31, 2003.[3] Plaintiffs did not oppose this motion, and by order dated October 21, 2003, Magistrate Judge Lebedoff granted Kraemer's motion to amend.

On October 23, 2003, Kraemer served its First Amended Answer and Counterclaim to Plaintiffs' Third Amended Complaint ("First Am. Answer & Countercl."), asserting its breach of contract claim. See First Am. Answer & Countercl., Countercl. ¶¶ 8-10. Kraemer sought the following relief:

> Award Edward Kraemer & Sons, Inc. its damages caused by plaintiffs' breaches of the Agreement which include, but are not limited to, (1) the $2,000,000 balance of the purchase price as set forth in the Agreement which is still due and owing to Edward Kraemer & Sons, Inc.; (2) interest on the amount due and owing at 12% per annum; and (3) reasonable costs, expenses and attorneys' fees for having to enforce the terms of the Agreement.

First Am. Answer & Countercl., Relief ¶ 2.

On November 11, 2003, Plaintiffs served their Answer to the Counterclaim. Plaintiffs admitted that they "refused to pay Kraemer's wrongful demands for payment," but alleged that they were "not obligated to pay Kraemer as a result of Kraemer's various breaches, conduct and actions described in Burnsville's Third Amended Complaint and otherwise described in the pending litigation." Pls.' Answer to Countercl., Answer ¶ 10 (emphasis added); see also id. ¶¶ 8, 9, 12 , 13 (asserting same justification).[4] Thus, Plaintiffs' justification for their refusal to make the July 31, 2003 payment was the alleged misconduct and breaches of Kraemer being litigated herein. Plaintiffs also asserted five affirmative defenses, four of which are also based on

[3]The Purchase Agreement required Plaintiffs to pay $23,500,000 for the landfill. Lisle Aff. Ex. 1 (Purchase Agreement Art. 2). The last $10 million of that purchase price was to be paid over a period of five years, in installment payments of $2 million per year. Id. (Purchase Agreement § 2.2(ii)). The last of these payments was due on July 31, 2003, but Plaintiffs refused to make that payment. See, e.g., Def.'s First Am. Answer & Countercl., Countercl. ¶ 5; Pls.' Answer to Countercl., Answer ¶¶ 10, 12.

[4]See also id. ¶¶ 5, 7 (Plaintiffs denying their obligation to pay "for the factual and legal reasons set forth in Burnsville's Third Amended Complaint").

Kraemer's alleged misconduct and breaches.[5] Pls.' Answer to Countercl., Affirmative Defenses ¶¶ 2-5.

On June 28, 2004, the Court issued its Order granting Kraemer's motion for summary judgment on all of Plaintiffs' claims and denying Plaintiffs' motion for partial summary judgment. The June 28, 2004 Order did not address Kraemer's request for attorneys' fees, costs and expenses or its counterclaim for breach of contract, nor did it award Kraemer the relief requested in its counterclaim.[6] Final judgment was also entered on June 28, 2004, but vacated by the Court's Order of July 12, 2004.

Plaintiffs' justification for their admitted failure to make the July 31 payment is the alleged misconduct and breaches at issue in this case. The Court has already rejected Plaintiffs' allegations in this regard as a matter of law, and thus Kraemer moves for an award of the $2,000,000 payment, plus contractual interest under the Purchase Agreement, and costs, expenses and attorneys' fees in accordance with the Purchase Agreement.

## ARGUMENT

Whether its motion is considered under Rule 59(e) and/or Rule 56, Kraemer is entitled to the requested relief based on the Court's June 28, 2004 Order and the unambiguous terms of the Purchase Agreement. See, e.g., United States v. Grayson, 879 F.2d 620, 625 (9th Cir. 1989) (where district court rejected defendant guarantors' affirmative defense of wrongful acceleration

[5] Plaintiffs' fifth affirmative defense, a boilerplate allegation of failure to state a claim, see Pls.' Answer to Countercl., Affirmative Defenses ¶ 1, is defeated by Kraemer's proper pleading of its breach of contract claim. See Def.'s First Am. Answer & Countercl., Countercl. ¶¶ 1-2, 5, 7, 8-9; see also infra.

[6] Kraemer had requested attorneys' fees and costs in the context of its summary judgment motion, but its counterclaim was not served until October 23, 2003, only one day before the supplemental briefing was completed on the parties' cross-motions for summary judgment, and Plaintiffs' Answer to the Counterclaim was not served until November 11, 2003.

when granting governmental agency's motion for summary judgment, guarantors' counterclaim based on allegations of wrongful acceleration was properly disposed of via sua sponte grant of summary judgment because the counterclaim "raises precisely the same theory of wrongful acceleration that undergirds their affirmative defenses," and thus "the district court did not err in disposing of the entire case after determining that the EDA was entitled to summary judgment"); see generally Sunderlin v. First Reliance Standard Life Ins. Co., 235 F. Supp.2d 222, 226 (W.D.N.Y. 2002)(although party did not file a cross-motion for summary judgment, summary judgment may be rendered in favor of that party if the facts, when applied to the law, indicated that judgment against the moving party is appropriate); see also SFH, Inc. v. Millard Refrigerated Servs., Inc., 339 F.3d 738, 746 (8th Cir. 2003)(when affirming district court's amendment of judgment, noting that "a district court has broad discretion to alter or amend a judgment under Rule 59(e)"); Hicks v. Town of Hudson, 390 F.2d 84, 87-88 (10th Cir. 1967)(affirming trial court's amendment of judgment to include relief requested by insurance company on cross-claim where original judgment did not rule on insurance company's cross-claim, but district court's prior findings of fact and conclusions supported the amended judgment).

## I. KRAEMER IS ENTITLED TO AN AWARD OF THE $2,000,000 PURCHASE PAYMENT.

The Purchase Agreement provided that Plaintiffs were to pay $23,500,000 for the landfill. Lisle Aff. Ex. 1 (Purchase Agreement Art. 2). The last $10 million of that purchase price was to be paid over a period of five years, in installment payments of $2 million per year. Id. (Purchase Agreement § 2.2(ii)). Plaintiffs admittedly failed to make the last purchase payment of $2,000,000, which was due on July 31, 2003. See, e.g., Pls.' Answer to Countercl.,

Answer ¶¶ 10, 12. Kraemer's Counterclaim asserts that Plaintiffs breached the Purchase Agreement by failing to make that payment.[7]

In the June 28, 2004 Order, the Court already determined that its "review of the [Purchase] Agreement reveals that it is an unambiguous contract." Burnsville Sanitary Landfill, Inc. v. Edward Kraemer & Sons, Inc., No. Civ. 02-273 (JNE/JGL), 2004 WL 1465828, at *3 (D. Minn. June 28, 2004)(Lisle Aff. Ex. 2). Thus, the parties' rights are to be determined in accordance with its terms.[8] Kraemer therefore seeks an award of the July 31, 2003 payment in accordance with the clear terms of the Purchase Agreement.

Plaintiffs' alleged justification for its refusal to make that payment, as set forth in their Answer to Counterclaim, was "Kraemer's various breaches, conduct and actions described in Burnsville's Third Amended Complaint and otherwise described in the pending litigation." Pls.' Answer to Countercl., Answer ¶ 10; see also id. ¶¶ 8, 9, 12, 13 (asserting same justification).[9] Plaintiffs' alleged justification for nonpayment is based on the same facts and legal theories as its claims, and thus it also fails in light of the Court's June 28, 2004 Order, which granted

[7] See Def.'s First Am. Answer & Countercl., Countercl. ¶¶ 8-10.

[8] See, e.g., Farkas v. Hartford Accident & Indemn. Co., 173 N.W.2d 21, 24 (Minn. 1969) (holding that "'[t]he contract rights of the parties must be determined from the language used in the contract where it is unambiguous'")(quotation omitted); S O Designs USA, Inc. v. Rollerblade, Inc., 620 N.W.2d 48, 53 (Minn. Ct. App. 2000)(when affirming summary judgment on contract's interpretation, holding that "[i]f the wording of the contract is clear and unambiguous, the reviewing court cannot go beyond the language of the contract in interpreting it"), rev. denied, (Minn. Feb. 21, 2001); In re Minn. Power & Light Co., 435 N.W.2d 550, 563 (Minn. Ct. App. 1989)(where the meaning of a contract provision is clear and plain, courts are to look no further than the contract language itself), rev. denied, (Minn. Apr. 19, 1989); MacKenzie v. Summit Nat'l Bank, 363 N.W.2d 116, 121 (Minn. Ct. App. 1985)(holding that "'[p]eople who sign documents which are plainly written must expect to be held liable thereon. Otherwise written documents would be entirely worthless and chaos would prevail in our business relations.'")(quoting Watkins Prods., Inc. v. Butterfield, 144 N.W.2d 56, 58 (Minn. 1966)).

[9] See also id. ¶¶ 5, 7 (denying obligation to pay "for the factual and legal reasons set forth in Burnsville's Third Amended Complaint").

Kraemer summary judgment on all those claims. Burnsville Sanitary Landfill, Inc., 2004 WL 1465828, at *6; see Grayson, 879 F.2d at 625.

The Court first granted Kraemer's motion for summary judgment dismissing Plaintiffs' declaratory judgment, breach of contract and breach of warranty claims (and denied Plaintiffs' partial summary judgment motion on those claims) based on the Court's finding that "Kraemer is not liable for clean up of the disputed waste under either Article 6 or Article 11 because Plaintiffs assumed liability for environmental concerns disclosed in the historical information." Burnsville Sanitary Landfill, Inc., 2004 WL 1465828, at *4.

The Court also granted summary judgment dismissing Plaintiffs' fraud claim based on its determination that any reliance on Kraemer's alleged "oral misrepresentations would have been unreasonable as a matter of law" because of the integration clause in the Purchase Agreement and "the specific disclosure of the waste in the historical information." Id. at *5.

The Court granted summary judgment on Plaintiffs' fraudulent concealment claim "[b]ecause the historical information disclosed waste in the expansion area, [thus] Plaintiffs could have discovered the alleged illegality in the exercise of reasonable diligence." Id.

Finally, the Court granted summary judgment on Plaintiffs' reformation claim because Plaintiffs failed to "present evidence to show that the [Purchase] Agreement fails to express the real intent of the parties" and "Plaintiffs' unilateral mistake concerning the waste in the expansion area is not enough to satisfy the third element for reformation absent the additional requirement of fraud or inequitable conduct." Id.

The Court thus rejected all of Plaintiffs' claims arising from "Kraemer's various breaches, conduct and actions,"[10] and its ruling effectively disposed of Plaintiffs' justification for

[10]Pls.' Answer to Countercl., Answer ¶¶ 8, 9, 10, 12 & 13 (justifying nonpayment based

their failure to pay.[11] See, e.g., Grayson, 879 F.2d at 625.

Four of Plaintiffs' affirmative defenses are likewise disposed of by the Court's summary judgment ruling. Plaintiffs allege that Kraemer's counterclaim is "barred or limited by the First Breach Doctrine."[12] The Court, however, has already granted summary judgment in Kraemer's favor on Plaintiffs' breach of contract claim,[13] and thus there is no "first breach" on which Plaintiffs may rely in support of this affirmative defense.

Plaintiffs further allege that Kraemer's actions are barred by estoppel, waiver, laches and/or unclean hands.[14] The Court not only rejected all of Plaintiffs' allegations as to Kraemer's purported misconduct,[15] but also expressly found (for purposes of Plaintiffs' reformation claim)

on "Kraemer's various breaches, conduct and actions described in Burnsville's Third Amended Complaint and otherwise described in the pending litigation"); see also id. ¶¶ 5, 7 (denying obligation to pay "for the factual and legal reasons set forth in Burnsville's Third Amended Complaint").

[11]As the law of the case, the Court should apply its earlier summary judgment rulings as to the same factual and legal issues to reject Plaintiffs' alleged justification for and defenses to their nonpayment of the July 31, 2003 payment. See, e.g., Hill v. McHenry, 211 F. Supp. 2d 1267, 1279-80 (D. Kan. 2002)(holding that law of the case doctrine precluded district court from reconsidering plaintiff's retaliation claim where district court had previously determined, on a motion to dismiss, that defendants had proffered a legitimate, nondiscriminatory reason for discharging plaintiff); see Klein v. Arkoma Prod. Co., 73 F.3d 779, 784 (8th Cir. 1996)(enforcing law of the case doctrine and stating "[t]he law of the case doctrine prevents relitigation of a settled issue in a case and requires that courts follow decisions made in earlier proceedings to insure uniformity of decisions, protect the expectations of the parties and promote judicial economy")(citations omitted); Unigroup, Inc. v. Winokur, 45 F.3d 1208, 1211 (8th Cir. 1995) (affirming district court's enforcement of law of the case doctrine and stating "[t]he doctrine of the law of the case . . . provides that when a court decides a rule of law, that decision should govern the same issues in subsequent stages in the same case . . . . The doctrine of the law of the case precludes litigation of matters that are decided implicitly, as well as those decided explicitly")(citations omitted).

[12]Pls.' Answer to Countercl., Affirmative Defenses ¶ 2.

[13]Burnsville Sanitary Landfill, Inc., 2004 WL 1465828, at *3-4 (finding Kraemer did not breach the pertinent sections of the Purchase Agreement).

[14]See Pls.' Answer to Countercl., Affirmative Defenses ¶ 3.

[15]See Burnsville Sanitary Landfill, Inc., 2004 WL 1465828, at *3-4 (no breach); id. at *5 (Kraemer disclosed the presence of waste in the historical information and any reliance on

that "inequitable conduct" was absent,[16] and thus this affirmative defense falls by the wayside.

Plaintiffs also alleged that they were entitled to a setoff "as a result of Kraemer's various breaches, conduct and actions described in Burnsville's Third Amended Complaint and otherwise described in the pending litigation."[17] Plaintiffs' setoff defense thus rests solely on the same allegations they used, throughout their Answer to Kraemer's Counterclaim,[18] to justify nonpayment, and this affirmative defense likewise fails in the wake of the Court's express rejection of Kraemer's alleged misconduct and breaches as a matter of law.

Plaintiffs further allege that Kraemer's counterclaim is "barred or limited by its fraudulent inducement of the parties' Agreement."[19] In its June 28, 2004 Order, the Court set forth the eleven elements of Plaintiffs' fraud claim. Burnsville Sanitary Landfill, Inc., 2004 WL 1465828, at *4. Those same eleven elements are needed to establish a claim of fraudulent inducement. Compare id. with In re Landmark Holding Co., 286 B.R. 377, 383 (D. Minn. Bankr. 2002) (setting forth those same eleven elements for purposes of a fraudulent inducement claim). The Court's rejection of Plaintiffs' two fraud-based claims also disposes of this fraud-based affirmative defense; there can be no fraudulent inducement where the Court has already found, as a matter of law, that there can be no reasonable reliance on any alleged oral representations of Kraemer and that Kraemer had disclosed the presence of waste in the

---

alleged oral misrepresentations would be unreasonable as a matter of law); id. (no fraudulent concealment because "the historical information disclosed waste in the expansion area"); id. (the reformation claim failed as a matter of law because, inter alia, "the additional requirement of fraud or inequitable conduct" was absent).

[16] See id. (the requirement of "inequitable conduct" was absent).

[17] Pls.' Answer to Countercl., Affirmative Defenses ¶ 4.

[18] See Pls.' Answer to Countercl., Answer ¶¶ 8, 9, 10, 12 & 13 (relying on same allegations).

[19] Pls.' Answer to Countercl., Affirmative Defenses ¶ 5.

historical information. Burnsville Sanitary Landfill, Inc., 2004 WL 1465828, at *4-5; see, e.g., Grayson, 879 F.2d at 625.

Plaintiffs' remaining affirmative defense, failure to state a claim,[20] also fails. To state a breach of contract claim, a party must allege: (1) the existence of a contract; (2) a breach of that contract; and (3) damages flowing therefrom. See, e.g., Parkhill v. Minn. Mut. Life Ins. Co., 174 F. Supp. 2d 951, 961(D. Minn. 2000)(setting forth elements of breach of contract claim when finding claim was time-barred). Here, Kraemer's Counterclaim clearly alleges all of those elements. Def.'s First Am. Answer & Countercl., Countercl. ¶¶ 1-2, 5, 7, 8-9. Thus, Plaintiffs' boilerplate defense fails. See, e.g., SL Montevideo Tech., Inc. v. Eaton Aerospace, LLC, 292 F. Supp. 2d 1173, 1180 (D. Minn. 2003)(denying Rule 12(b)(6) motion to dismiss breach of contract claim where complaint provided notice of the claim and alleged the requisite elements of the claim, that is, existence of a contract, its breach while the contract was in effect, and damages). Thus, Plaintiffs' alleged justification and affirmative defenses in support of its refusal to pay the July 31, 2003 payment fail, and Kraemer asks the Court to award Kraemer the $2,000,000 purchase payment pursuant to its breach of contract claim.

## II. KRAEMER IS ENTITLED TO AN AWARD OF INTEREST ON THE $2,000,000 PURCHASE PAYMENT.

Kraemer is also entitled to an award of interest on the $2,000,000 purchase payment under Section 16.18(a) of the Purchase Agreement, which provides in pertinent part that:

> Any party which fails to make a required payment when due under the terms of this Agreement shall pay to the party entitled to the payment of interest at the rate of 12% per annum from the date the payment was due until the date paid.

The Court has already found that the Purchase Agreement is "unambiguous." Burnsville

[20] See Pls.' Answer to Countercl., Affirmative Defenses ¶ 1 ("Kraemer fails to state a claim upon which relief can be granted as against Burnsville.").

Sanitary Landfill, Inc., 2004 WL 1465828, at *3. Thus, the parties' rights are to be determined in accordance with its terms.[21] As demonstrated above, Kraemer is entitled to an award of $2,000,000, which Plaintiffs have admittedly refused to pay for reasons that the Court has now rejected as a matter of law. Thus, pursuant to the clear terms of the Purchase Agreement, Kraemer is entitled to an award of interest at the rate of 12 % per annum from July 31, 2003 until the entry of judgment on June 28, 2004, which interest totals $218,957.49. Accordingly, Kraemer seeks an amended judgment that includes an award of interest totaling $218,957.49.

## III. KRAEMER IS ENTITLED TO AN AWARD OF ITS COSTS AND ATTORNEYS' FEES.

Kraemer is further entitled to an award of its costs and attorneys' fees in this matter under the clear wording of Section 16.18(b) of the Purchase Agreement, which states that:

> In addition, in any litigation brought by a party over the terms of this Agreement, including, without limitation, failure to make required payments, the prevailing party shall be entitled to receive, as part of its damages, all of its costs and expenses of such litigation, including without limitation, attorneys' fees and expenses, investigation costs and court costs.

Kraemer is the prevailing party in this matter; the Court granted Kraemer's summary judgment motion in its entirety and denied Plaintiffs' motion for partial summary judgment. Therefore, pursuant to the clear terms of the Purchase Agreement, Kraemer is entitled to an award of its costs and attorneys' fees incurred herein. Accordingly, Kraemer seeks an amended judgment awarding Kraemer its costs and attorneys' fees.[22]

## CONCLUSION

Based on the foregoing, Kraemer requests that the Court enter an amended judgment, or

[21] See, e.g., cases cited in n.8, supra.

[22] In the event Kraemer's motion is granted, it will provide affidavits of costs, expenses and attorneys' fees within ten days of the court's order.

in the alternative, grant summary judgment on Kraemer's counterclaim, and award Kraemer the following relief:

1. $2,000,000 purchase payment that was due on July 31, 2003 under the Purchase Agreement;

2. Interest on the $2,000,000 purchase payment, at 12% per annum, pursuant to Section 16.18(a) of the Agreement, totaling $218,957.49 (for the period between July 31, 2003 and June 28, 2004); and

3. Kraemer's costs and attorneys' fees incurred herein, pursuant to Section 16.18(b) of the Agreement.

Dated: July 13, 2004

KELLY & BERENS, P.A.

By: s/Barbara P. Berens
Barbara P. Berens, #209788
Erin K. Fogarty Lisle, #238168
3720 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 349-6171

***Attorneys for Defendant Edward Kraemer & Sons, Inc.***